PER CURIAM:
The claimant brought this action for damage to his 1991 Mercury which occurred after encountering a hole on the edge of a road maintained by the respondent in Raleigh County. The Court is of the opinion that the respondent had reason to know of the road defect and makes an award as stated more fully below.
The incident giving rise to this claim occurred on October 30,1996, at approximately 12:00 p.m. The claimant’s wife, Stacie Lacy, was driving on County Route 18 near Crab Orchard when the vehicle struck a hole on the edge of the pavement along the berm. Route 18 in this area is a two-lane paved road that is approximately 16 feet wide with numerous curves. It is secondary in terms of maintenance priority. The claimant’s vehicle sustained two flat tires and a bent wheel. Total damages were in the amount of $452.06. The claimant carried liability insurance only.
The evidence adduced at hearing was that the hole was approximately five inches deep and was located along the edge of a gravel berm. Ms. Lacy, testified that she was traveling approximately 20 to 25 miles per hour and that she steered toward the edge of her lane to avoid a truck in the oncoming lane. The respondent’s position was that the respondent did not have any prior knowledge of the road defect. However, photographs introduced by the claimant established that the pavement on the edge of the hole was worn smooth by traffic, indicating the hole’s presence for some time.
It is the general rule that for the respondent to be held liable for defects of this nature, the claimant must prove by a preponderance of the evidence that the respondent had actual or constructive notice. Pritt vs. Dept. of Highways, 16 Ct. Cl. 8 (1985), Hamon vs. Dept. of Highways, 16 Ct. Cl. 127 (1986). The evidence indicates that the hole had been at this location for some time and that the respondent had reason to know of this defect. Therefore, the Court is of the opinion to and does hereby make an award in the amount of $452.06.
Award of $452.06.